IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JANEARIAS THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 3:17-cv-318-GMB |
| | ) | [WO] |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

On October 26, 2012, Plaintiff Janearias Thomas applied for disability insurance benefits and supplemental security income under Title II of the Social Security Act, alleging a disability onset date of August 1, 2011. Thomas' applications were denied at the initial administrative level. Thomas then requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ held a hearing on November 5, 2013, and he denied Thomas' claims on January 24, 2014. Thomas requested a review of the ALJ's decision by the Appeals Council, which granted his request and remanded the case to the ALJ for consideration of additional medical evidence. The ALJ held a second hearing on March 18, 2015, and denied Thomas' claims again on December 21, 2015. The Appeals Council denied review on April 7, 2017. The ALJ's decision thus became the final decision of the Commissioner of the Social Security Administration (the "Commissioner") as of April 7, 2017.

Thomas' case is now before the court for review pursuant to 42 U.S.C. §§ 405(g)

and 1383(c)(3). Under 28 U.S.C. § 636(c)(1) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the full jurisdiction of the undersigned United States Magistrate Judge. Based on its careful review of the parties' submissions, the relevant law, and the record as a whole, the court concludes that the decision of the Commissioner is due to be AFFIRMED.

## I. STANDARD OF REVIEW

The court reviews a Social Security appeal to determine whether the Commissioner's decision "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The court will reverse the Commissioner's decision if it is convinced that the decision was not supported by substantial evidence or that the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). The court "may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner," but rather "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (citation and internal quotation marks omitted). "Even if the evidence preponderates against the Secretary's factual findings, [the court] must affirm if the decision reached is supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Moreover, reversal is not warranted even if the court itself would have reached a result contrary to that of the factfinder. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

The substantial evidence standard is met "if a reasonable person would accept the evidence in the record as adequate to support the challenged conclusion." *Holladay v.*

*Bowen*, 848 F.2d 1206, 1208 (11th Cir. 1988) (quoting *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983)). The requisite evidentiary showing has been described as "more than a scintilla, but less than a preponderance." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must scrutinize the entire record to determine the reasonableness of the decision reached and cannot "act as [an] automaton[] in reviewing the [Commissioner's] decision." *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir. 1987). Thus, the court must consider evidence both favorable and unfavorable to the Commissioner's decision. *Swindle v. Sullivan*, 914 F.2d 222, 225 (11th Cir. 1990).

The court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Id.* (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)). There is no presumption that the Commissioner's conclusions of law are valid. *Id.*

## II. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Thomas bears the burden of proving that he is disabled, and he is therefore responsible for

3

producing evidence sufficient to support his claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

A determination of disability under the Social Security Act requires a five-step analysis. 20 C.F.R. § 404.1520(a). The Commissioner must determine in sequence:

(1) Is the claimant presently unable to engage in substantial gainful activity?
(2) Is the claimant's impairment(s) severe?
(3) Does the claimant's impairment(s) satisfy or medically equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
(4) Is the claimant unable to perform his former occupation?
(5) Is the claimant unable to perform other work given his residual functional capacity, age, education, and work experience?

*See Frame v. Comm'r, Soc. Sec. Admin.*, 596 F. App'x 908, 910 (11th Cir. 2015). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986) (quoting 20 C.F.R. § 416.920(a)−(f)). "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citing *Gibson v. Heckler*, 762 F.2d 1516 (11th Cir. 1985)).

## III. FACTUAL BACKGROUND AND ADMINISTRATIVE PROCEEDINGS

Thomas was 27 years old at the time of the ALJ's decision. He is married and lives with his wife and daughter in Lanett, Alabama. R. 71. He took classes until the tenth grade and earned a general equivalency diploma. R. 64. He is a veteran of the United States Army and served from 2007 to 2011, including two-and-a-half years on active duty. R. 66–67 & 458. Thomas was injured while serving in Afghanistan and was placed in a

transitional unit in August 2011 until his discharge in May 2013. R. 67–68.  His primary complaints are posttraumatic stress disorder ("PTSD"); severe pain in his lower back, head, neck, knees, left ankle, and hands; and a loss of strength in his hands and legs. R. 72–81.  In the past, Thomas has worked as a bagger at a grocery store, detailer at a car dealership, cook at a fast food restaurant, general laborer, motor transportation operator in the military, and as a cleaner at a department store. R. 442.  He last worked as a product technician at a rental store from July 2009 to August 2010. R. 442.

Following an administrative hearing, the ALJ found that Thomas suffers from the following non-severe impairments that are severe in combination under 20 C.F.R. § 404.1520(c):

> [S]tatus post-surgery for a Chiari malformation with resection of posterior elements, cervical spine; benign hypertension; history of concussion; pes planus, onychomycosis of hallux; possible posterior tibial tendon dysfunction (PTTD); possible sinus tarsitis and mild degenerative joint disease, bilateral feet, with noncompliance; peroneal tendonitis, left foot; mild sleep apnea, with noncompliance; facet arthropathy, mild cervical spine; scoliosis, cervicothoracic; history of mild chronic bronchitis; obesity; urticarial; congenital lunotriquetral fusion, right hand; questionable headaches; posttraumatic stress disorder with noncompliance; and questionable concussion syndrome.

R. 26.  However, the ALJ concluded at step three of the analysis that neither any one Thomas' impairments, nor a combination of his impairments, met or medically equaled the severity of one of those listed in the applicable regulations. R. 30.  The ALJ further found, at steps four and five, that Thomas has the residual functional capacity ("RFC") to perform

5

a full range of medium work.[1] R. 30.

Ultimately, the ALJ found that Thomas could perform both past relevant work and other jobs that exist in the national economy. R. 49. He therefore concluded that Thomas was not disabled under the meaning of the Social Security Act from August 1, 2011 through the date of his decision, and denied Thomas' claims. R. 50.

At issue in this appeal is an assessment by Melissa B. Eagerton, a vocational rehabilitation counselor with the Department of Veterans Affairs ("VA"). Eagerton was assigned to Thomas' case for the purpose of determining his eligibility for vocational rehabilitation services. R. 589. In the assessment, Eagerton concluded that "[b]ased on ability, aptitude, and interest test results, analysis of work and educational background, and job market trends, it appears that achievement of employment is not reasonably feasible." R. 589. Specifically, Thomas was found to be "not reasonably feasible" because of the following reasons:

> (1) 90% service connected disability rating . . . (2) Number of disabling conditions, severity of disabling conditions, negative attitudes toward the disabled, chronic pain, long or substantial periods of employment, a pattern of reliance on government support systems and other evidence of significant restrictions on employability; and (3) [Thomas] went on medical hold on August 2011 and has been unemployed since his discharge from the military.

R. 589. Eagerton found that Thomas "cannot function at an expected level to retain employment, will be at an extreme disadvantage when applying for jobs competing against

---

[1] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 416.967(c).

non-disabled applicants, and . . . cannot work any jobs that have any type of physical demands." R. 590. Thus, she concluded that he should "continue to focus on increasing his independence on others." R. 590.

## IV. DISCUSSION

Thomas' brief is inadequate in a number of ways. The court's scheduling order instructed Thomas to include a "Statement of the Issues" section. *See* Doc. 3 at 2. It explained that "[i]n this section *in numbered paragraphs*, the plaintiff shall state in a *concise, specific manner* each issue the plaintiff presents to the court for resolution" and warned that "[i]ssues not presented in the Statement of the Issues will not be considered." Doc. 3 at 2. The court also specifically warned Thomas that "generic statements such as 'the ALJ's decision is not supported by substantial evidence' will not be considered by the court." Doc. 3 at 2 n.1. However, Thomas' brief includes a "Statement of the Issue on Appeal" section that reads: "Whether the Commissioner of Social Security made a proper and just decision regarding the Appellant's Social Security claim for Disability Insurance Benefits." Doc. 12 at 5. This is precisely the type of generic issue statement the court explicitly warned Thomas it would not consider. Moreover, while the brief contains a number of legal conclusions and challenges to the ALJ's factual findings, it cites to no court decisions.

Of course, it is the claimant's burden to prove that he is disabled, and "[i]t is not the court's function to distill every generality into a cogent argument." *Smith v. Astrue*, 2009 WL 4894794, at *2 (M.D. Ala. Dec. 11, 2009). Thomas has had more than one year to cure the glaring deficiencies in his briefing, but has chosen not to do so. Accordingly, the

7

court will not delay these proceedings further to allow Thomas another opportunity to comply with the specific guidelines he chose to overlook. Nevertheless, the court will proceed to a discussion of the arguments raised in Thomas' brief and address them to the extent it is able.

Thomas first argues that Eagerton's assessment "should have been granted significant weight and bearing in the Commissioner's decision making." Doc. 12 at 6–7. He goes on to take issue with the fact that while the assessment found Thomas' impairments to be severe, the ALJ's opinion only found these impairments severe in combination. *See* Doc. 12 at 7. Finally, Thomas points to portions of the VA assessment that were contradicted by the ALJ's opinion, such as the ALJ's findings with regard to Thomas' social functioning and ability to perform past relevant work. *See* Doc. 12 at 7.

Thomas' arguments with respect to the VA assessment fall short for a variety of reasons. First, Thomas' assertion concerning the severity level of his impairments is beside the point because, as the Commissioner points out, it is not an outcome-determinative issue. This is because the ALJ's analysis must proceed past the second step of the five-step analysis if he finds a severe impairment regardless of whether an impairment is severe by itself or severe only in combination with other impairments. *See, e.g.*, *Hearn v. Comm'r, Soc. Sec. Admin.*, 619 F. App'x 892, 895 (11th Cir. 2015) ("[T]he finding of any severe impairment, whether or not it results from a single severe impairment or a combination of impairments that together qualify as 'severe,' is enough to satisfy step two."). Thus, where, as here, the ALJ finds a severe impairment at step two, any error is harmless. *See id.* ("Any error at step two was harmless because the ALJ found in [claimant's] favor as to

impairment, and the ALJ properly noted that he considered [claimant's] impairments in the later steps.") (citations omitted).

Second, Thomas' arguments concerning the weight granted to Eagerton's assessment of his suitability for vocational rehabilitation services are similarly unavailing. While the opinion of another administrative agency regarding a claimant's disability ordinarily should be afforded "great weight," it is not binding on an ALJ. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1241 (11th Cir. 1983). Moreover, the ALJ here was not required to grant the VA assessment great weight because the ALJ is empowered to grant less weight to another agency's disability finding where that agency (such as the VA) applies a different standard for disability than the Commissioner. *See Hacia v. Comm'r of Soc. Sec.*, 601 F. App'x 783, 786 (11th Cir. 2015). Further, where the ALJ "seriously consider[s]" the agency's disability finding while making his own determination, he can give that finding less than great weight. *See Adams v. Comm'r of Soc. Sec.*, 542 F. App'x 854, 857 (11th Cir. 2013).

Here, the ALJ seriously considered Eagerton's assessment, but gave it "minimal weight" because Eagerton is not a medical doctor and her assessment was a "denial of rehabilitation services, with no specific limitations in forming a Residual Functional Capacity Assessment." R. 48. ALJs are not required to assign the opinions of nonmedical sources any specific weight, and "whether and how much weight the ALJ should give this kind of evidence depends upon the particular facts of the case and a variety of factors, including whether the opinion is consistent with other evidence in the record." *Farnsworth v. Soc. Sec. Admin.*, 636 F. App'x 776, 784–85 (11th Cir. 2016). Accordingly, the ALJ has

provided adequate reasoning for his decision to grant Eagerton's opinion less than significant weight.[2]

Moreover, the ALJ pointed to substantial evidence in the record that supports his decision and contradicts Eagerton's findings. Specifically, the ALJ noted that Eagerton's assessment—a determination that Thomas was not suitable for vocational rehabilitation—is quite different from a finding that he is disabled within the meaning of the Social Security Act and was based on factors that are not applied by an ALJ when determining a claimant's limitations. *See* R. 48. The ALJ also pointed to inconsistencies in Thomas' reports regarding his symptoms from one medical appointment to the other and noted that his "mental evaluations, physical examinations, and group therapy records continually reveal normal mental functioning." R. 47–48. The ALJ cited Thomas' activities of daily living as well as Function Reports for Thomas and his wife as evidence Thomas is not as limited by his symptoms as he has alleged. R. 48. And in over 20 pages of discussion, the ALJ highlighted an abundance of medical evidence supporting his findings. *See* R. 26–48. Accordingly, the court concludes that the ALJ did not commit reversible error with respect to his consideration of Eagerton's assessment of Thomas' ability to work.

## V. CONCLUSION

Based on the foregoing, the undersigned concludes that the Commissioner's decision is supported by substantial evidence and based upon the proper legal standards. It

---

[2] The ALJ also correctly noted that, in addition to being a nonmedical source, Eagerton's opinions regarding Thomas' ability to work and his RFC are entitled to no deference because they concern issues that are reserved for the ALJ. *See, e.g.*, *Robinson v. Astrue*, 365 F. App'x 993, 999 (11th Cir. 2010) ("[T]he task of determining a claimant's residual functional capacity and ability to work is within the province of the ALJ . . . .").

is therefore ORDERED that the decision of the Commissioner denying benefits is AFFIRMED.

A final judgment will be entered separately.

DONE on the 27th day of July, 2018.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE